IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| John S. Garrett, | Civil Action No.: 5:16-cv-02888-JMC |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| Melvin Bromell, Jr. Individually and as Employee/Agent of Heritage Hauling, Inc.; Heritage Hauling, Inc.; Alexis Winburn, Individually and as Employee/Agent of The Travelers Indemnity Company of Connecticut; and The Travelers Indemnity Company of Connecticut, | |
| Defendants. | |

This case arises out of an automobile collision between Plaintiff John S. Garrett ("Plaintiff") and Defendant Melvin Bromell, Jr. ("Bromell"), and the subsequent denial of Plaintiff's insurance claim allegedly on the basis of his race. (*See* ECF No. 1-1 at 7 ¶ 16, 8 ¶ 26.) Defendants filed a Motion for Judgment on the Pleadings (ECF No. 22), which the court granted in part and denied in part (ECF No. 42). The court granted Defendants' Motion as to Plaintiff's claim for civil conspiracy, and denied Defendants' Motion as to Plaintiff's claims for outrage, negligence, gross negligence, and negligence per se, as well as Plaintiff's claim that Defendants violated 42 U.S.C. § 1981. (ECF No. 42 at 19.) Plaintiff's initial Complaint included a Fifth and Fourteenth Amendment claim attached to his section 1981 claim, but the court struck this claim from the cause of action as none of the Defendants are federal or state governmental actors. (*Id.* at 7 n.1, 19.)

1

This matter is before the court on Defendants' Motion for Reconsideration (ECF No. 46) of the court's Order (ECF No. 42) pursuant to Fed. R. Civ. P. 59(e). Plaintiff responded to Defendants' Motion (ECF No. 47), and Defendants replied (ECF No. 48.) For the reasons set forth below, the court **DENIES** Defendants' Motion (ECF No. 46).

## I. JURISDICTION

Jurisdiction is proper within this court pursuant to 28 U.S.C. §§ 1331 and 1367. Under section 1331, district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Plaintiff's claim of Defendants' violation of 42 U.S.C. § 1981, a federal statute supports federal question jurisdiction.

District courts have jurisdiction over claims that are connected to claims in which the district court has original jurisdiction. District courts have ". . . supplemental jurisdiction over all [ ] claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . " 28 U.S.C. § 1367(a). Plaintiff's state law causes of action, outrage and negligence, are related to his 42 U.S.C. § 1981 claim. Therefore, the court has supplemental jurisdiction over Plaintiff's state law claims.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (citation omitted). It is the moving party's burden to establish one of these three grounds in order to obtain relief under this rule. *Loren Data Corp. v. GXS, Inc.*, 501 Fed. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider

an order pursuant to this rule is within the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995).

### III. ANALYSIS

Defendants do not clearly state on which grounds they bring their Motion for Reconsideration, but extrapolating from their Motion, the court infers that they move for the court to reconsider its Order based on "clear error of law" and/or "manifest injustice."[1] Defendants argue that "[ ] permitting [Plaintiff's] claim could lead to a situation whereby a plaintiff pursues a § 1981 claim, then loses the underlying tort action, possibly resulting in an illogical and inconsistent result[.]" (ECF No. 46 at 2.) Defendants also argue that ". . . any interest of the Plaintiff in a settlement agreement in connection with a claim in which he has not established liability or damages is necessarily speculative in nature, subject to the outcome of the underlying tort action." (ECF No. 46 at 2.)

Defendants refer to *Harris v. McDonald's Corp.* to argue that in order to prove a section 1981 claim, Plaintiff might have to prove his underlying state tort law claims first. 901 F. Supp. 1552, 1559 (M.D. Fla. 1995) ("[a]lthough the § 1981 racial discrimination claim may not necessarily implicate full consideration of the pendant state tort claim on its merits, it is probable that in showing racial discrimination in the handling of their insurance claim, Plaintiffs may have to prove the merits of the underlying State tort claim in order to demonstrate that the disparate treatment afforded them was due to racial animus, not substantive deficiencies in the claim itself.")

---

[1] The court observes that "[a] motion to reconsider is not appropriate to argue matters that could have been presented in prior motions or to rehash issues already ruled upon because the losing party disagrees with the ruling." *Fields v. Astrue*, No. CIV. A. 9:09-1763-BM, 2010 WL 9073555, at *1 (D.S.C. Oct. 5, 2010), *aff'd sub nom. Fields v. Comm'r of Soc. Sec.*, 445 F. App'x 627 (4th Cir. 2011).

Defendants' argument misses the purpose of section 1981.  Section 1981 states that "[a]ll persons [regardless of race] within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts[.]"  Plaintiff was allegedly impaired in his ability to "make" a contract with Defendant Travelers Insurance Company ("Travelers") because of his race.  It is alleged that Defendant Alexis Winburn ("Winburn") stated that because Plaintiff was Caucasian and Bromell was African-American that ". . . such racial considerations were favorable and a factor for the Defendants' denial of Plaintiff's claim."  (ECF No. 1-1 at 8 ¶ 26.)  Plaintiff's inability to make a contract in the first instance based on his race is distinguishable from whether Bromell is liable for the accident, and Travelers therefore owing insurance benefits to Plaintiff.

Plaintiff, moreover pleads that "upon information and belief.  Defendants have a policy, whether written or otherwise, to use the races of claimants and insureds when determining if and when to settle claims and determining an amount to settle such claims."  (ECF No. 1-1 at 8 ¶ 29.)  Plaintiff is not a party to the insurance contract between Defendants, but as Plaintiff argues, "[he] is not alleging that Defendants are liable under § 1981 for failing to accept his third-party claim[, but are liable for inhibiting his ability to settle his claim based on his race]," and thereby contract with Defendants.  (ECF No. 47 at 2); *see Broomes v. Schmidt,* No. CIV. A. 95-4845, 1996 WL 138087, at *2 (E.D. Pa. Mar. 27, 1996) ("[a]n agreement to settle a potential legal claim is a contract"); *Singh,* 860 P.2d at 1199 (the Supreme Court of Alaska adopted the Alaska Superior Court's view that "an insurance company's refusal to enter into a settlement agreement with an injured party who was not its own insured fell within section 1981 if the basis for refusal was racial discrimination.")

There is no caselaw presented that states that a plaintiff must prove an underlying state law claim before he or she can bring a section 1981 claim. Moreover, discovery has not been completed in this case, thus, at this phase of the proceedings, Plaintiff must only plead factual allegations that "raise a right to relief above [a] speculative level" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and he has done so.

The court agrees with Defendants' argument that ". . . a purported tortfeasor must retain not only the right but the practical ability to contest liability and damages through his or her insurer or otherwise." (ECF No. 46 at 3-4). Defendants still have the ability to contest liability and damages. Plaintiff must still prove liability as to the underlying tort action to be entitled to any benefits from Defendants Bromell and Heritage's insurance policy for the collision, but that is separate and apart from Plaintiff's allegation that his ability to make a contract with Travelers was impaired because of his race.

## IV. CONCLUSION

For the reasons stated above, the court **DENIES** Defendants' Motion for Reconsideration (ECF No. 46.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 8, 2017
Columbia, South Carolina