# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| John S. Garrett, | ) | |
| | ) | Civil Action No.: 5:16-cv-02888-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Melvin Bromell, Jr., *individually and as Employee Agent of Heritage Hauling, Inc.*, Heritage Hauling, Inc., Alexis Winburn, *individually and as Employee Agent of Travelers Indemnity Company of Connecticut*, Travelers Indemnity Company of Connecticut, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of Plaintiff John S. Garrett's ("Plaintiff") Motion to Compel Discovery Responses ("Motion to Compel") filed on June 15, 2018. (ECF No. 57.) After Defendant Travelers Indemnity Company of Connecticut ("Defendant Travelers") responded to Plaintiff's Motion to Compel on July 13, 2018 (ECF No. 61), the court conducted a hearing by telephone regarding Plaintiff's Motion on November 2, 2018. (ECF No. 67.)

During the hearing, the court held Plaintiff's request for his insurance claim file in abeyance because Defendant Travelers agreed to examine the file in order to determine the specific documents protected by the work-product doctrine. The court ordered that non-protected documents, within the insurance claim file, be produced by November 12, 2018. Additionally, at a minimum, Defendant Travelers also agreed to explore whether it possessed any policies regarding the recording of telephone calls. As to remaining issues, the parties did not agree fully about the discovery of (1) Defendant Travelers' policies and procedures for monitoring and

1

retaining telephone calls; (2) Defendant Travelers' training of claim adjusters in Orangeburg County, South Carolina; (3) Defendant Travelers' "roundtable" discussions, procedures, and policies involving liability claims; and (4) Defendant Alexis Winburn's ("Defendant Winburn") employment file. (ECF No. 57-1 at 5-8.) Defendant Travelers adamantly objected to any discovery of the training for claim adjusters and any roundtable discussions because of concerns involving trade secrets and unfairness.

> Under Rule 26(b)(1) of the Federal Rules of Civil Procedure:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). However, a party may not discover "documents and tangible things that are prepared in anticipation of litigation" unless "they are otherwise discoverable under Rule 26(b)(1)" and the moving party shows "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3). A moving party may move to compel discovery if the opposing party fails to make a requested disclosure. Fed. R. Civ. P. 37(a). Generally, federal district courts have "wide latitude in controlling discovery and [their] rulings will not be overturned absent a showing of clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 683 (4th Cir. 1986).

First, Plaintiff seeks to compel the production of Defendant Travelers' "policies and procedures regarding the monitoring and recording of phone calls made and received by the claims department." (ECF No. 57-1 at 8.) A disputed fact in this case involves whether Defendant Winburn made racial comments, which, depending upon company policy, may or may not have

been recorded. (*Id.* at 9-10.) Defendant Travelers maintains, quite unequivocally, that an alleged telephone call concerning Defendant Winburn does not exist and was not recorded. (ECF No. 61 at 2-5.) Given that the existence of such a call is relevant to Plaintiff's discrimination claim, and Defendant Travelers admitted that some calls "may be recorded" during the hearing–while also denying the existence of a recording–the court grants in part and denies in part Plaintiff's Motion to Compel Defendant Travelers' policies and procedures for monitoring and recording phone calls. *See generally Fisher v. Sw. Bell Tel. Co.*, No. 07–CV–433–CVE–FHM, 2009 WL 414040, at *2 (N.D. Okla. 2009) (requiring the disclosure of company policy regarding unpaid suspensions); *Breon v. Coca-Cola Bottling Co. of New England*, 232 F.R.D. 49, 53 (D. Conn. 2005) (compelling discovery of the internal hiring procedures of a company). Defendant Travelers should only supply Plaintiff with the company policies regarding the monitoring and recording of phone calls during the time in which the alleged call took place.

Second, Plaintiff seeks to discover Defendant Travelers' "policies and procedures" for "claims evaluation" and the "training of claims adjusters" in Orangeburg County, South Carolina. (ECF No. 57-1 at 9.) Defendant Travelers objects to this disclosure, arguing that it is irrelevant to Plaintiff's discrimination claim, overly broad, and seeks trade secrets. (ECF No. 61 at 3-4.) Since Plaintiff's discrimination claim invokes race, it is relevant if Defendant Travelers' policies and procedure include racial considerations or criteria. *See generally Toy v. Am. Family Mut. Ins. Co.*, No. 12–cv–01683–PAB–MJW, 2013 WL 3093641, at *2 (D. Colo. June 18, 2013); *Kaufman v. Nationwide Mut. Ins. Co.*, No. Civ. A. 97–1114, 1997 WL 703175, at *2 (E.D. Pa. Nov. 12, 1997). While Plaintiff's request is certainly overbroad and burdensome, the request certainly remains relevant. As such, Plaintiff's Motion is granted in part and denied in part. Defendant Travelers is

required to only disclose those training policies and procedures, including those in Orangeburg County, South Carolina, in place during the relevant time period involving Defendant Winburn.

Third, Plaintiff requests the court to compel Defendant Travelers to provide "policies and procedures regarding 'roundtable' discussions of claims, including information and documentation regarding . . . the underlying claim." (ECF No. 57-1 at 9.) During the telephone hearing, Plaintiff argued that Defendant Travelers should at least provide the names of individuals who participated in a roundtable discussion involving his discrimination claim. Defendant Travelers objects to the disclosure of any roundtable discussions because they are supposedly trade secrets, irrelevant to the action, and may reveal mental impressions of a separate action in state court. (ECF No. 61 at 12-13.) Any discussions concerning the substance of the separate tort action are irrelevant to Plaintiff's discrimination claim and are not discoverable, which makes Plaintiff's Motion overbroad in this regard. *See* Fed. R. Civ. P. 26(b)(1). However, the policies and procedures concerning roundtable discussions are relevant to the extent they involve the use of race, particularly as alleged by Plaintiff. (ECF No. 1.) While Defendant Travelers is not required to disclose all of the conversations within the roundtable discussions, Defendant Travelers must at least provide a list of individuals who participated in the roundtable discussions regarding Plaintiff's discrimination claim and general policies and procedures regarding roundtable discussions at the time. Thus, Plaintiff's Motion is granted in part and denied in part as it relates to the roundtable discussions.

Lastly, in a discrimination action, personnel files are generally discoverable, particularly when those files belong to an employee involved in the underlying claim. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 698 (D. Kan. 2007) ("[A]n individual's personnel file is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and

therefore discoverable, if the individual is alleged to have engaged in the . . . discrimination at issue or to have played an important role in the decision or incident that gives rise to the lawsuit." (quoting *Oglesby v. Hy–Vee, Inc.*, No. 04–2440, 2005 WL 857036, at *1 (D. Kan. Apr. 13, 2005)). Additionally, if an employment file was maintained during the course of Defendant Travelers' business, it cannot be maintained that the employment file was made "in anticipation of litigation" in an attempt to avoid discovery. Fed. R. Civ. P. 26(b)(3). Defendant Travelers' reliance upon *Am. Modern Select Ins. Co. v. Cain*, No. 3:14-cv-2952-TLW, 2015 WL 11027031 (D.S.C. July 24, 2015), is misplaced. *Am. Modern* involved the scope of insurance coverage in a declaratory judgment action and failed to implicate the discriminatory actions of a specific employee. 2015 WL 11027031, at *1. Here, given that Defendant Winburn is a party in this lawsuit and alleged to have engaged in discrimination (*see* ECF No. 1-1 at 7-8), the court grants Plaintiff's Motion as it relates to her employment file.

For these reasons, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Compel (ECF No. 57.) Defendant Travelers must comply with this Order on or before **November 19, 2018.**

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 9, 2018
Columbia, South Carolina